[Cite as *Blair v. Minnick*, 2016-Ohio-7212.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| SUZANNE BLAIR | C.A. No. 28089 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROGER MINNICK | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 2014-CV-163 |

DECISION AND JOURNAL ENTRY

Dated: October 5, 2016

WHITMORE, Judge.

{¶1} Appellant, Suzanne Blair, appeals from the December 23, 2015 judgment of the Summit County Court of Common Pleas, Probate Division. This Court affirms.

I

{¶2} This matter arises out of a dispute between siblings, Ms. Blair and Roger Minnick, over two parcels of real property in Pennsylvania ("PA property"). Guy and Gloria Minnick, the parties' now deceased parents, owned the PA property and transferred it into the family trust. On November 10, 2014, Ms. Blair filed a complaint for declaratory judgment and an application for an injunction against Mr. Minnick, both as executor of the estate of Ms. Minnick and successor trustee of the Guy and Gloria Minnick Trust UTD. In her complaint, Ms. Blair sought (1) declaratory judgment that she was the rightful beneficiary of the PA property, and (2) an injunction preventing Mr. Minnick from transferring the PA property to anyone, other than herself, during the pendency of the litigation.

{¶3}   On November 19, 2014, Mr. Minnick filed a motion to dismiss, and on April 16, 2015, Ms. Blair filed an amended complaint.  In her amended complaint, Ms. Blair added a third cause of action for breach of fiduciary duty.  Further, as of August 2015, Ms. Blair became the owner of the PA property.  In its December 23, 2015 order, the trial court found Ms. Blair's original complaint moot, and refused to consider her amended complaint due to noncompliance with Civ.R. 15(A).  Specifically, the trial court stated that Ms. Blair improperly filed the amended complaint without first obtaining Mr. Minnick's consent or leave of court.

{¶4}   Ms. Blair now appeals, raising one assignment of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY EFFECTIVELY DISMISSING [MS.] BLAIR'S AMENDED COMPLAINT WHEN THE COURT STATED, IN AN ORDER DENYING A MOTION TO COMPEL, THAT THE AMENDED COMPLAINT WAS NOT FILED IN COMPLIANCE WITH CIV.R. 15(A).

{¶5}   In her sole assignment of error, Ms. Blair argues that the trial court erred in dismissing her amended complaint because it was not filed in compliance with Civ.R. 15(A). Specifically, Ms. Blair argues that, pursuant to Civ.R. 15(A), she had an absolute right to amend her complaint at any time prior to a responsive pleading being filed.

{¶6}   Civ.R. 15(A)[1] states, in relevant part, that:

---

[1] We note that Civ.R.15(A) was amended effective July 1, 2013, "to allow amendment without leave of court of a complaint, or other pleading requiring a responsive pleading, for a period of 28 days after the service of a responsive pleading *or motion*. Under the prior rule, amendment without leave of court was limited to pleadings not requiring a response or to which a required response had not been served." (Emphasis added.) 2013 Staff Note, Civ.R. 15(A).  It appears that Ms. Blair incorrectly based her argument on the prior version of Civ.R. 15(A).

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading *or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F)*, whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. * * *

(Emphasis added.)

**{¶7}** Here, the record indicates that Ms. Blair filed her complaint on November 10, 2014. The complaint was properly served upon Mr. Minnick on November 17, 2014. Mr. Minnick then filed a motion to dismiss[2] on November 19, 2014, which started the twenty-eight day clock for Ms. Blair to amend her complaint without Mr. Minnick's consent or leave of court. However, the record clearly indicates that Ms. Blair filed her amended complaint on April 16, 2015, well after the twenty-eight days allotted in Civ.R. 15(A). As such, the trial court did not err in dismissing Ms. Blair's amended complaint for noncompliance with Civ.R. 15(A).

**{¶8}** Ms. Blair's sole assignment of error is overruled.

III

**{¶9}** Ms. Blair's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[2] Although not specifically labeled as a Civ.R. 12(B) motion, Mr. Minnick's motion to dismiss raises the issues of lack of jurisdiction and improper venue, which correspond with Civ.R. 12(B)(1) and (3).

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MARK PIROZZI and MAURA A. MCCAUGHEY, Attorneys at Law, for Appellant.

COLIN G. MEEKER, Attorney at Law, for Appellee.